IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANET LIEB and ED LIEB** : | |
|        **Plaintiffs,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 14-4225** |
| : | |
| **ALLSTATE PROPERTY AND** : | |
| **CASUALTY INSURANCE COMPANY** : | |
|        **Defendant.** : | |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                                                                                                     **December 10, 2014**

Plaintiffs filed suit in the Philadelphia Court of Common Pleas against their automobile insurance company ("Allstate"). Allstate removed the case to this Court on the basis of this Court's diversity jurisdiction. Plaintiffs have moved to remand, asserting that the amount in controversy is less than the $75,000 threshold required by 28 U.S.C. § 1332, and Defendant has moved to dismiss the Amended Complaint on the merits. For the following reasons, the motion to remand will be denied and the motion to dismiss will be granted.

**I.    BACKGROUND**

Plaintiffs allege that their vehicle, insured by Allstate, was struck by another vehicle, that their damages resulting from the collision exceeded the amount of insurance recovered from the tortfeasor, that they made a claim to Allstate for underinsured motorist coverage, and that Allstate wrongfully and in bad faith denied this coverage.[1] Allstate contends that Plaintiffs waived underinsured motorist coverage; Plaintiffs argue that the waiver failed to comply with the applicable statute and is therefore ineffective.

---

[1] The original Complaint alleged in the alternative counts for underinsured and uninsured motorist coverage, as well as bad faith. The Amended Complaint alleges only claims for underinsured motorist coverage and bad faith.

## II. MOTION TO REMAND

Removal of a civil action from state to federal court is proper only if the action initially could have been brought in federal court.[2] The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."[3] 28 U.S.C. § 1332 provides that the federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[4] Removal from and remand to state court are governed by 28 U.S.C. §§ 1441, 1446, and 1447. Section 1441 provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."[5] The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."[6] After removal, a plaintiff may file a motion to remand based on either "any defect" in the removal petition or lack of subject matter jurisdiction.[7] The relevant statutes are strictly construed in favor of remand.[8]

In this case, Plaintiffs argue that remand is warranted because the amount in controversy does not exceed $75,000 for each Plaintiff, and cite to the Amended Complaint, filed after

---

[2] 28 U.S.C. § 1441(a).

[3] *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990).

[4] 28 U.S.C. § 1332(a).

[5] 28 U.S.C. § 1441.

[6] 28 U.S.C. § 1446(b)(1).

[7] 28 U.S.C. § 1447.

[8] *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

2

removal, which seeks damages "in an amount in excess of Fifty Thousand ($50,000) Dollars, but not more than Seventy-Five Thousand ($75,000) plus all costs and other relief this court deems necessary."[9] However, the amount in controversy for jurisdictional purposes is determined at the time of removal.[10] "[A] plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor."[11] The Complaint filed in the Court of Common Pleas included a claim for bad faith and sought "an amount in excess of Fifty Thousand ($50,000) Dollars plus statutory interest, punitive damages and attorney's fees in accordance with 42 Pa. C.S.A. § 8371."[12] Plaintiffs therefore alleged that their compensatory damages alone exceeded $50,000. Those asserted damages, when coupled with punitive damages and attorney's fees that are available under the bad faith statute, lead to a "reasonable reading of the value of the rights being litigated" in excess of $75,000.[13] The Court therefore finds that Defendant has established "by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.[14] The motion to remand will be denied.

### III.  MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's complaint lacks enough substance to show that he is entitled to relief.[15] In determining whether a motion to

---

[9] Am. Compl. at "Wherefore" clauses.

[10] *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (citation omitted).

[11] *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993).

[12] Compl. at Count III.

[13] *Angus*, 989 F.2d at 146.

[14] 28 U.S.C. § 1446(c)(2)(B). The Court did not aggregate the Plaintiffs' claims in making this determination. *See Snyder v. Harris*, 349 U.S. 332, 335 (1969).

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[16]  Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[17]  Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[18]  The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[19]  The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[20]  Legal questions that depend upon a developed factual record are not properly the subject of a motion to dismiss.[21]

The question to be resolved on the motion to dismiss is whether, as a matter of law, Plaintiffs executed a valid waiver of underinsured motorist coverage.  Under Pennsylvania law, an insured must affirmatively reject uninsured and underinsured coverage, which provides protection in the event of an accident where the fault lies with a driver who lacks sufficient insurance to compensate the injured party adequately.  The Pennsylvania Motor Vehicle Financial Responsibility Law sets forth the specific form such rejections must take to be valid:

> **(c) Underinsured motorist coverage.--**Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles. The named insured shall be

---

[16] *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[17] *Twombly*, 550 U.S. at 555, 564.

[18] *Id*. at 570.

[19] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[20] *Id.* (quoting *McGregor v. Indus. Excess Landfill, Inc.,* 856 F.2d 39, 42-43 (6th Cir. 1988)).

[21] *See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 836 F. Supp. 2d 274 (E.D. Pa. 2011).

informed that he may reject underinsured motorist coverage by signing the following written rejection form:

**REJECTION OF UNDERINSURED MOTORIST PROTECTION**

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

_____
Signature of First Named Insured


_____
Date

**(c.1) Form of waiver.--**Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. Any rejection form that does not specifically comply with this section is void. If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits. On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists. Any person who executes a waiver under subsection (b) or (c) shall be precluded from claiming liability of any person based upon inadequate information.[22]

Plaintiff Ed Lieb, the first named insured, signed a form containing the statutorily required language.[23] Plaintiffs argue, however, that the rejection is invalid because Mr. Lieb did not date the form. Instead, at the top of the form are printed: the names of the insureds, the

---

[22] 75 Pa. C.S. §§ 1731(c),(c.1).

[23] Def.'s Mot. Dismiss Ex. A [Doc. 14]. The Amended Complaint attached the uninsured rejection, not the underinsured rejection, as an exhibit. However, because the Amended Complaint specifically refers to the underinsured rejection, the Court may consider the copy attached to the motion.

policy number, and the date. Plaintiffs argue that because Mr. Lieb did not date the form himself, the rejection fails to comply with the statute. The Court disagrees.

Under the plain language of the statute, the form "must be signed by the first named insured and dated to be valid."[24] The most natural reading of this provision is that the form must be signed by the insured; it does not require that the insured also date the form. The statute easily could have been written to require that "the form must be signed and dated by the first named insured" had the Pennsylvania Legislature so intended.[25] This conclusion is buttressed by the statutory requirement that "[t]he named insured shall be informed that he may reject underinsured motorist coverage by *signing* the following written rejection form;"[26] there is no mention of dating by the insured in this provision.[27] The notice provided to Mr. Lieb complied with the statute, Mr. Lieb signed the rejection, and the form was dated. The Court will not impose additional requirements.

## IV. CONCLUSION

As this Court has jurisdiction over the case, remand will be denied. Because Plaintiffs' claim fails as a matter of law and any amendment (which has not been sought) would be futile, the case will be dismissed with prejudice. An order will be entered.

---

[24] 75 Pa. C.S. § 1731(c.1).

[25] *Accord State Farm Fire and Cas. Co. v. Rey*, No. 94-5274, 1995 WL 241493 (E.D. Pa. Apr. 21, 1995) ("A plain reading of § 1731 indicates that an insured waives [underinsured motorist] coverage 'by signing' a rejection form with language that precisely complies with that required in § 1731(c). To be 'valid,' a form must be signed but not necessarily dated by the insured. The legislature did not specify that a form 'must be signed and dated by the first named insured.' Rather, § 1731(c.1) provides that the form 'must be signed by the first named insured and dated.' It appears clear that any responsible party may date the form.").

[26] 75 Pa. C.S. § 1731(c) (emphasis added).

[27] Allstate also argues that Mr. Lieb did date the form by transmitting it by facsimile machine, which interposed a date on the form. The Court does not base its ruling on this argument.